UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:00-cr-00485-GAYLES

**UNITED STATES OF AMERICA**

v.

**JOSEPH SAMPSON AUGUSTE**,

    Defendant.
_____/

**ORDER**

    **THIS CAUSE** comes before the Court on Defendant Joseph Sampson Auguste's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (the "Motion") [D.E. 337]. The Court has considered the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**BACKGROUND**

    Defendant is a 45-year-old incarcerated at Federal Correctional Institution, Jesup ("FCI Jesup") in Jesup, Georgia, with a projected release date of November 12, 2026. On April 27, 2001, United States District Judge Ursula Ungaro sentenced Defendant to concurrent terms of imprisonment comprised of: (1) a 360-month term of imprisonment for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846; and (2) a 240-month term of imprisonment for conspiracy to use and carry a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(o). [D.E. 139 at 1]. Judge Ungaro also imposed two 5-year terms of supervised release to be served concurrently, which commence upon his release. *Id.* at 3.

On August 10, 2020, Defendant filed an Emergency Motion for Compassionate Release pursuant to the First Step Act of 2018. [D.E. 334]. On August 17, 2020, Judge Ungaro denied the motion, finding that Defendant failed to assert extraordinary and compelling reasons that would justify his release. [D.E. 335 at 4]. On December 20, 2020, Defendant filed the instant Motion seeking compassionate release pursuant 18 U.S.C. § 3582(c)(1)(A). [D.E. 337]. In the Motion, Defendant states that extraordinary and compelling circumstances warrant his release because he "is serving a much longer Sentence when the law had changed, and people sentenced now did not face the same penalty." *Id.* at 1.

## LEGAL STANDARD

A court has limited authority to modify a sentence of imprisonment. *United States v. Burkes*, No. 9:18-CR-80113, 2020 WL 2308315, at *1 (S.D. Fla. May 8, 2020) (citing *United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010)). Under 18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A) (2018); *see generally* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. If the defendant satisfies those administrative requirements and the factors outlined in 18 U.S.C. § 3553(a) support release, courts must then find that "extraordinary and compelling reasons warrant such a reduction . . . consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* 18 U.S.C. § 3553(a) (2018). Courts must also find that the defendant is "not a danger to the safety of any other person or to the community . . . ." U.S. Sent'g Guidelines Manual § 1B1.13(2) (U.S. Sent'g Comm'n 2018).

Thus, in order to grant the Motion, the Court must make specific findings that: (1) the § 3553(a) factors support Defendant's compassionate release; (2) extraordinary and compelling reasons warrant Defendant's request; and (3) Defendant is not a danger to the safety of other persons or the community. The burden lies with Defendant to establish that his request is warranted. *See United States v. Hylander*, No. 18-CR-60017, 2020 WL 1915950, at *2 (S.D. Fla. Apr. 20, 2020) (citing *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013)).

## DISCUSSION

The Government argues that the Motion should be denied because Defendant: (1) fails to exhaust his administrative remedies; (2) has not presented extraordinary and compelling circumstances for his release; and (3) has not presented grounds to alter Judge Ungaro's previous application of the sentencing factors under 18 U.S.C. § 3553(a). [D.E. 339 at 1]. The Court need not determine whether Defendant properly exhausted his administrative remedies because his Motion fails on the merits. Specifically, Defendant fails to show that extraordinary and compelling reasons warrant his release. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The application notes of § 1B1.13 of the United States Sentencing Guidelines Manual provide four categories of "extraordinary and compelling reasons" that may warrant release: (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; or (4) other reasons "[a]s determined by the Director of the Bureau of Prisons . . . ." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. n.1. Because § 1B1.13 "governs all motions under Section 3582(c)(1)(A) . . . [,] district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with [§] 1B1.13." *United States v. Giron*, 15 F.4th 1343, 1346 (11th Cir. 2021) (quoting *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021)). "Thus, . . . the only circumstances that can rise to the level of extraordinary and compelling reasons

3

for compassionate release are limited to those extraordinary and compelling reasons as described by Section 1B1.13." *Id.*

Here, Defendant does not argue that his medical condition, age, or family circumstances warrant his release. Rather, he relies on the "other reasons" category to challenge his designation as a career offender based on his prior burglary convictions that "have been judicially deemed non-violent in cases similarly situated . . . ." [D.E. 337 2–3, 5]. However, Defendant fails to show that his sentence—or any reason determined by the Bureau of Prisons—"rise[s] to the level of extraordinary and compelling reasons for compassionate release . . . ." *Giron*, 15 F.4th at 1346. *See also United States v. Schmitt*, No. 18-CR-20958, 2021 WL 5213063, at *3 (S.D. Fla. Oct. 22, 2021) ("[T]he Bureau of Prisons has not determined that other extraordinary and compelling reasons exist."), *report and recommendation adopted*, No. 18-CR-20958, 2021 WL 5206197 (S.D. Fla. Nov. 9, 2021). Moreover, "[d]istrict [c]ourts in the Eleventh Circuit do not have discretion to develop 'other reasons' to justify a reduction in a defendant's sentence." *United States v. Camilo Santos*, No. 19-CR-60282, 2021 WL 3726897, at *6 (S.D. Fla. Aug. 20, 2021). Therefore, the Motion shall be denied.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Joseph Sampson Auguste's *pro se* Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), [D.E. 337], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 9th day of December, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE